Sam ANDERSON, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 85–1551.

United States Court of Appeals,
Eighth Circuit.

Submitted May 19, 1986.

Decided Oct. 8, 1986.

Jack Lassiter, Little Rock, Ark., for appellant.

W. Asa Hutchinson, U.S. Atty., Fort Smith, Ark., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and REGAN,* Senior District Judge.

WOLLMAN, Circuit Judge.

This appeal is before us for review of the district court's findings entered following our decision in *Anderson v. United States,* 788 F.2d 517 (8th Cir.1986). There, we ruled that the district court should review *in camera* certain tape recordings of conversations involving Roger Clinton, one of the government's principal witnesses, as well as statements made by Clinton during his polygraph examination, to determine whether those materials contain any exculpatory evidence or would have been helpful in Anderson's cross-examination of Clinton.[1]

The district court reviewed the materials *in camera* and certified its findings to us. Summarized, those findings are that neither the tapes nor the statements made during the polygraph examination contain any exculpatory material or material that would have been helpful in Anderson's cross-examination of Clinton.

We have ourselves reviewed the materials examined by the district court. Having done so, we conclude that the district court's findings are in all respects correct. We are tempted to comment on the unrelieved banality and tediousness of the taped conversations (the district court charitably referred to the conversations as "chatter"), but that would be beside the point.

We turn to Anderson's challenge to his conviction on Count II of the indictment, which charged him with conspiring with one Maurice Rodriguez to distribute cocaine. Anderson claims that the trial court erred in refusing to grant a mistrial following Rodriguez' assertion of his fifth amendment privilege during cross-examination. Rodriguez testified that he brought into Arkansas from New York four ounces of cocaine, which he sold to Anderson for eight thousand dollars. Rodriguez also testified that the government attempted to have some charges against his brother Tony dropped in Arkansas. During cross-examination, Rodriguez refused to answer on the ground of self-incrimination the question, "Did you get the cocaine you sold in Arkansas from Tony?" Anderson contends that his sixth amendment right of confrontation and cross-examination was prejudiced by Rodriguez' refusal to answer this question. We do not agree.

In *Ellis v. Black,* 732 F.2d 650, 656 (8th Cir.1984), the court held that "where the witness' invocation of the fifth amendment privilege precludes the defendant from inquiring merely as to collateral matters such as credibility, as opposed to substantive matters about which the witness testified on direct examination, the defendant's sixth amendment right is not violated." *See also United States v. Humphrey,* 696 F.2d 72, 75 (8th Cir.1982), *cert. denied,* 459 U.S. 1222, 103 S.Ct. 1230, 75 L.Ed.2d 463 (1983); *United States v. Gould,* 536 F.2d 216, 222 (8th Cir.1976); *United States v. Brierly,* 501 F.2d 1024, 1027 (8th Cir.), *cert. denied,* 419 U.S. 1052, 95 S.Ct. 631, 42 L.Ed.2d 648 (1974). The source of the cocaine which Rodriguez sold to Anderson was not mentioned on direct examination and was not an element of the government's case. Accordingly, Anderson's sixth amendment right was not violated inasmuch as the question that Rodriguez refused to answer went to a collateral matter. *United States v. Brierly,* 501 F.2d at 1027. The district court properly balanced Rodriguez's fifth amendment privilege against self-incrimination against Anderson's sixth amendment right to cross-exam-

---

* The HONORABLE JOHN K. REGAN, United States Senior District Judge for the Eastern District of Missouri, sitting by designation.

1. Following our remand, Anderson asked us to enter a supplemental order directing the district court to hold an evidentiary hearing at which Anderson would be permitted to cross-examine the officers having custody of the materials in question with respect to whether the materials submitted to the district court constituted all of the relevant evidence. We declined to enter such an order, and we now formally deny the motion.

ine witnesses and did not err in refusing to grant a mistrial.

Because we ruled in our initial opinion on the merits of Anderson's contention regarding the videotape of a June 27, 1984, conversation between Clinton and an undercover officer, we need not review that claim here, other than to note that our opinion erroneously referred to the relevant date as June 27, 1985. 788 F.2d at 520.

The judgment of conviction is affirmed.